IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

ANGEL FERRER a/k/a Gary Michael King,

                  Plaintiff,

    v.

HAROLD GRAHAM, Superintendent,
Auburn Correctional Facility, *et al.,*

                  Defendants.

Civil Action No.
9:13-CV-86 (NAM/DEP)

_____

APPEARANCES:

| FOR PLAINTIFF: | OF COUNSEL: |
|---|---|
| ANGEL FERRER, *Pro Se*<br>a/k/a Gary Michael King<br>c/o Lee Anne King<br>83 Clay Street, Apt. 3R<br>Brooklyn, NY 11222 | |
| FOR DEFENDANTS: | |
| HON. ERIC T. SCHNEIDERMAN<br>Office of the Attorney General<br>State of New York<br>The Capitol<br>Albany, NY 12224 | TIFFANY M. RUTNIK, ESQ.<br>Assistant Attorney General |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

*Pro se* plaintiff Angel Ferrer, who is also known as Gary Michael King and is a former New York State prison inmate, has commenced this action asserting civil rights claims, pursuant to 42 U.S.C. § 1983, against the superintendent and deputy superintendent of security of the facility in which he was confined at the relevant times. During the course of pretrial discovery in the action, the court entered an order that, *inter alia*, granted defendants' leave to take plaintiff's deposition. Despite that order, however, plaintiff failed to appear for deposition on three separate occasions. Based upon those failures, defendants now seek dismissal of plaintiff's complaint, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendants' motion, which plaintiff has not opposed, be granted.

I. BACKGROUND

Plaintiff initiated this action on January 24, 2013. Dkt. No. 1. At the time, plaintiff was a New York State prison inmate in the custody of the New York State Department of Corrections and Community Supervision, and confined in the Upstate Correctional Facility ("Upstate"), located in Malone, New York. *Id.* Following commencement of the action, plaintiff was granted leave to proceed *in forma pauperis*. Dkt. No. 13.

Following the joinder of issue, the court entered a standard mandatory pretrial discovery and scheduling order issued in all inmate cases, pursuant to Rule 16 of the Federal Rules of Civil Procedure, on September 6, 2013. Dkt. No. 26. That order set out certain obligations of the parties regarding discovery, specifically permitted leave to defendants to take plaintiff's deposition, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, and established deadlines for the completion of discovery and the filing of dispositive motions. *See generally id.* That order was mailed to plaintiff at Upstate, the address provided by him to the court and defendants at the time he commenced the action. *Id.* There is no indication in the court's records that the order was returned as undeliverable.

On November 12, 2013, defendants' counsel served a notice upon the plaintiff requiring him to appear for deposition in Albany, New York on December 6, 2013. Dkt. No. 45-1 at 7. According to the accompanying declaration of service, the notice was mailed to the plaintiff at the following address on November 13, 2013:

> Angel Ferrer, a/k/a Gary M. King
> c/o Lee-Ann King
> 83 Clay Street, Apt. 3R
> Brooklyn, NY 11222

*Id* at 8.[1] Plaintiff, however, failed to appear for that scheduled deposition. *Id.* at 2.

Following that failed deposition, defendants' counsel spoke twice by telephone with the plaintiff. Dkt. No. 45-1 at 10. During one of those conversations, Ferrer agreed to appear for deposition on December 17, 2013. *Id.* Defendants' counsel thereafter mailed a letter to the plaintiff at the above-mentioned Brooklyn address memorializing those telephone conversations regarding his failure to appear and the rescheduling of the deposition to December 17, 2013. *Id.* at 10-11. Despite his promise, however, plaintiff again failed to appear for deposition on December 17, 2013. *Id.* at 2.

Defendants' counsel and the plaintiff spoke again by telephone on December 17, 2013, regarding the scheduled deposition. Dkt. No. 45-1 at 2, 14. During that conversation, plaintiff agreed to appear for deposition on January 2, 2014. *Id.* That conversation was similarly confirmed in a letter sent to the plaintiff at the above-mentioned Brooklyn address on December 17, 2013. *Id.* at 14. Plaintiff failed yet again to appear for the deposition on January 2, 2014. *Id.* at 2. When plaintiff failed to appear, defendants' counsel placed on the record an account of a conversation she had with the

---

[1] This address is in accordance with plaintiff's previously filed notice of change of address. Dkt. No. 36.

4

plaintiff that day, in which he stated he was financially unable to attend the scheduled deposition. *Id.* at 17-24.

On January 3, 2014, defendants' counsel filed a letter motion requesting extensions of the discovery and dispositive motion filing deadlines, and an order directing the plaintiff to appear for his deposition. Dkt. No. 40. A telephone conference with the court was thereafter scheduled for January 10, 2014, and defendants' counsel was directed to inform the plaintiff of the date and time of the conference. Text Entry Dated 01/07/2014. Defendants' counsel has advised, however, that she was unable to reach plaintiff, and that her calls were unanswered and not directed to voicemail. Dkt. No. 45-1 at 3.

The telephone conference before the court went forward as scheduled on January 10, 2014, at which defendants appeared by counsel but plaintiff failed to participate. Dkt. No. 41. Defendants were granted an extension of the discovery deadline to March 6, 2014, and the dispositive motion filing deadline to June 6, 2014. *Id.* Defendants were also granted leave to file a motion to dismiss if plaintiff failed to appear at a deposition on a date to be chosen by defendants, and ordered by the court. *Id.*

By text order issued on January 10, 2014, plaintiff was directed to appear for deposition on February 21, 2014, in Albany, New York, and was

expressly advised that his failure to appear on that date could result in dismissal of his complaint. Dkt. No. 42. According to court records, that order was mailed to and received by plaintiff. Dkt. Nos. 42, 44. Defendants thereafter served on plaintiff a notice of deposition scheduled for February 21, 2014, in Albany, New York. Dkt. 45-1 at 30-31. Plaintiff again failed to appear for his deposition on that date. *Id.* at 4.

On March 18, 2014, defendants moved seeking dismissal of plaintiff's complaint based upon his failure to appear for the scheduled deposition pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. Dkt. No. 45. To date, plaintiff has not responded to that motion.

II. DISCUSSION

Defendants' motion implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 1995). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *see Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196 (E.D.N.Y. July 12, 2010) ("Such sanctions may include . . . dismissing a claim or the entire action or granting default judgment against the disobedient party[.]"). In addition,

Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

In this instance, plaintiff failed to comply with the court's Rule 16 discovery order, which required him to submit to a deposition pursuant to a notice mailed to him at least fifteen days prior to the scheduled deposition date. Dkt. No. 26 at 3-4. In addition to failing to appear for deposition pursuant to a proper notice mailed to him at the address listed in court records, he failed to appear for deposition on two separate occasions, despite his agreement to do so, and subsequently failed to comply with a court order directing him to appear for a deposition. Based upon these circumstances, Rule 37 authorizes the issuance of sanctions against a plaintiff, which could include dismissal of his complaint.

In addition to his failure to permit his deposition to be taken, as ordered by the court, Ferrer also failed to participate in a court conference

7

scheduled to discuss the issue. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court. Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

A determination of whether to dismiss an action for failure to prosecute involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Shannon v.*

*Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). I have carefully evaluated those five factors, and find that they weigh decidedly in favor of dismissal.

This case has been pending for over one year, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile in light of his chronicled history of non-compliance with court directives and defendants' legitimate discovery requests. Given plaintiff's conduct, it appears that the ultimate sanction of dismissal is warranted.

III. SUMMARY AND RECOMMENDATION

Through his actions, plaintiff has demonstrated a repeated failure to cooperate with both defendants' counsel and the court so that this action can be fairly, efficiently, and timely adjudicated on its merits. Based upon plaintiff's failure to comply with the court's order and defendants' notice that he appear for deposition, compounded by his failure to participate in an on-the-record telephone conference after being explicitly warned that his failure to cooperate would result in dismissal of his complaint, I conclude that plaintiff's complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 45) be GRANTED, and that plaintiff's complaint in this action be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.   Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: April 28, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge